## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

informedRx, Inc., a foreign
corporation,

    Plaintiff,                               Case No.:     6:11-cv-1734-Orl-22KRS

v.

AWPRx LLC, a Florida
corporation,

    Defendant/Third Party Plaintiff

v.

MELISSA MCLAUGHLIN,

    Third Party Defendant.

_____/

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND THIRD PARTY COMPLAINT AGAINST INFORMEDRX'S FORMER EMPLOYEE, MELISSA MCLAUGHLIN

Defendant, AWPRx, LLC, hereby serves its Answer and Affirmative Defenses to Plaintiff's Amended Complaint (certificate date December 6, 2011), and states:

1.     Defendant denies that there has been any breach of contract or that any award of attorney's fees to Plaintiff is proper.

2.     Admitted.

3.     Admitted.

4.     Admitted as to diversity of citizenship but deny that the amount at controversy actually exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs, interest, and attorney's fees.

5.     Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted that the document speaks for itself.

11.     Admitted that the document speaks for itself.

12.     Admitted that the document speaks for itself.

13.     Admitted that the document speaks for itself.

14.     Admitted that the document speaks for itself.

15.     Admitted that the document speaks for itself.

16.     Admitted that the document speaks for itself.

17.     Admitted that the document speaks for itself.

18.     Admitted.

19.     Admitted.

20.     Denied. AWPRx provided notice to Melissa McLaughlin at multiple times between September 1 and November 30, 2009, that AWPRx would not be renewing its contract with informedRx/NMHC and that AWPRx would be transferring its business to Matrix, which was a company owned by Melissa McLaughlin's husband, Patrick McLaughlin. Ms. McLaughlin was well aware of AWPRx's non-renewal and, in fact, on or about November 5, 2009, Ms. McLaughlin was "grilled" by management at NMHC/informedRx regarding the AWPRx account. Ms. McLaughlin was the informedRx/NMHC Account Manager specifically assigned to AWPRx. AWPRx put informedRx/NMHC on notice of its intent to non-renew to its designated employee responsible for relaying such information to the Plaintiff. In fact, informedRx/NMHC sent correspondence to Ms. McLaughlin after she left the company claiming that she was complicit in

diverting business from NMHC to her husband's pharmacy benefit management company, Matrix. informedRx threatened to sue Ms. McLaughlin for these alleged breaches of her employment contract with NMHC. In addition, the accounts transferred from AWPRx to Matrix, the company owned by Ms. McLaughlin's husband, were the exact accounts discussed with Mr. McLaughlin and Ms. McLaughlin at a variety of in-person meetings in Orlando, Florida, the latest of which took place at Alaqua Country Club at Journey's restaurant. In addition, informed/NMHC had direct actual knowledge no later than as of March 31, 2011, when it sent to AWPRx, for the first time, a written form for the termination of the Agreement.

21.     Denied that AWPRx transferred to Matrix PBM accounts that informedRx was serving under the PBM agreement. As noted above in paragraph 20, the designated informedRx/NMHC account manager, Melissa McLaughlin, was informedRx from September 2009 through the relevant dates that AWPRx would not be renewing with NMHC and that the accounts would be transferred to Matrix, the company owned by Ms. McLaughlin's husband. Ms. McLaughlin's failure to advise her employer, the Plaintiff in this case, that AWPRx was not renewing its account in order the benefit her husband's company, does not form the basis of a claim against AWPRx for the either intentional acts or negligence of its designated employee.

22.     Denied that Plaintiff has suffered any damages due to AWPRx providing notice to informedRx/NMHC's designated account manager on numerous occasions between September 1, 2009 and the date of the transfer of the accounts. Ms. McLaughlin had direct knowledge of the non-renewal of AWPRx's contract with informedRx/NMHC as her husband's company, Matrix, was going to be the beneficiary of the account transfers. In addition, Plaintiff's Exhibit 2 and 4 on page 3, respectively, limits termination damages to: (i) six months administrative fees or if no administrative fee is applicable, then three months of the cost of claims, and (iii) all accrued rebates, if any, payable to Client.

23.     Denied.

24.     Denied that NMHC/informedRx ever provided any notice to AWPRx of any accounts receivables or any breach of contract pursuant to section 5 or section 8 of Plaintiff's Exhibit "1".

25.     Denied.

26.     Denied as set forth above.

27.     Denied.

28.     Denied.

29.     Denied as stated in Defendant's Response to Plaintiff's paragraphs 20, 21 and 22.

30.     Denied as stated in Defendant's Response to Plaintiff's paragraphs 20, 21 and 22.

31.     Denied.

32.     Denied. In addition, Plaintiff's Exhibit 2 and 4 on page 3, respectively, limits termination damages to: (i) six months administrative fees or if no administrative fee is applicable, then three months of the cost of claims, and (iii) all accrued rebates, if any, payable to Client.

## AFFIRMATIVE DEFENSES

33.     Plaintiff failed to mitigate its damages and failed to provide any written demand to AWPRx of any material breach of the PBM agreement.

34.     Plaintiff has failed to mitigate its damages and comes to this Court with unclean hands by failing to advise AWPRx of any breach of the PBM agreement.

35.     Plaintiff is estopped from bringing this action as AWPRx provided notice to Plaintiff's designated employee account manager on numerous occasions between September 1, 2009 and the date of the transfer of the accounts to another PBM.

36.     Plaintiff has waived its right to seek a breach of contract action against AWPRx in that AWPRx provided notice to Plaintiff's designated account manager on multiple occasions between September 1, 2009 and the date of the transfer of the accounts to another PBM.

37.     Plaintiff received notice under the PBM agreement through its designated account manager that AWPRx was not renewing its agreement with Plaintiff and fails to state a claim upon which relief may be granted.

38.     Plaintiff's employee, Melissa McLaughlin, either negligently or intentionally failed to advise Plaintiff of AWPRx's notice of non-renewal making its employee, liable to Plaintiff for any damages Plaintiff may seek against defendant.

39.     Defendant's damages are contractually limited by the contract it drafted to no more than: (i) six months administrative fees or if no administrative fee is applicable, then three months of the cost of claims, and (iii) all accrued rebates, if any, payable to Client.

## **THIRD PARTY COMPLAINT AGAINST MELISSA MCLAUGLIN**

40.     American Worker's Compensation Prescriptions, LLC ("AWPRx"), hereby sues the third party defendant and states:

41.     This is an action for negligence against Melissa McLaughlin as a former employee of informedRx, Inc.

42.     Third party Plaintiff, American Worker's Compensation Prescriptions, LLC ("AWPRx"), is a Florida limited liability company with its principal place of business in Altamonte Springs, Florida.

43.     informedRx is a Delaware corporation with its principal place of business in Illinois.

44.     Melissa McLaughlin, a former employee of informedRx, is a resident of the State of New York.

45.     This Court has jurisdiction under 28 USC Section 1332 as the parties are citizens of different states and the amount of controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs, interest and attorney's fees.

46.     Venue is proper in this district because the acts complained of occurred in the Middle District of Florida.

47.     National Medical Health Card, Inc., ("informedRx/NMHC") was a pharmacy benefits manager who administers prescription drug benefit programs.

48.     AWPRx provides worker's compensation prescription drug plans to worker's compensation insurers and self insured employers.

49.     Melissa McLaughlin was an employee of, and the designated Account Manager on behalf of informedRx/NMHC, for AWPRx.

50.     At all times material, Melissa McLaughlin was responsible to her employer, informedRx/NMHC to provide her employer with the information relating to the accounts she managed, including AWPRx.

51.     During the summer, fall and winter, of 2009, AWPRx, its officers and employees, advised Melissa McLaughlin that AWPRx was dissatisfied with the services and pricing provided by informedRx/NMHC.

52.     During the fall and winter of 2009, AWPRx solicited bids from other pharmacy benefits management companies in order to replace and non-renew its contract with informedRx/NMHC.

53.     One of the bidders for AWPRx's PBM business was a company called Matrix. The president of Matrix is Patrick McLaughlin who is Melissa McLaughlin's husband.

54.     AWPRx had a long relationship with Patrick McLaughlin as he was previously employed by NMHC. Through Mr. McLaughlin's efforts, NMHC was able to obtain AWPRx's business years ago. At some point later, Mr. McLaughlin left NMHC and began Matrix.

55.     In September of 2009, the officers and employees of AWPRx met with Mr. McLaughlin to provide a competitive quote to obtain AWPRx's business. The discussions with Mr. McLaughlin often included Melissa McLaughlin. AWPRx made it clear to Ms. McLaughlin that it was not going to be renewing its business with informedRx/NMHC and was, in fact, going to transfer its business to her husband's company, Matrix. These discussions occurred between September and December, 2009.

56.     It was decided that AWPRx would transfer its business to Matrix but would not do so until the end of the contract period with informedRx/NMHC and the last date for that term was March 31, 2010.

57.     AWPRx never transferred any accounts to Matrix until after April 1, 2010, because if it had transferred accounts before April 1, 2010, AWPRx would have been in breach of its contract with informedRx/NMHC.

58.     Given that the accounts identified as being transferred were transferred to Ms. McLaughlin's husband's company, Ms. McLaughlin had a duty to report to her employer on behalf of AWPRx that AWPRx was not renewing its agreement with informedRx/NMHC and, in fact, knew without question that her husband's business was going to receive the benefit of the termination of AWPRx's agreement with informedRx/NMHC.

59.     AWPRx clearly advised Melissa McLaughlin, through both word and action, that it was not going to be renewing its contract with informedRx/NMHC and Ms. McLaughlin should have reported AWPRx's notice and decision to her employer.

60.     Ms. McLaughlin had a duty to AWPRx to advise her employer, informedRx/NMHC, that AWPRx was not going to be renewing its contract as to avoid there being any claim by informedRx/NMHC that AWPRx failed to notify informedRx/NMHC of its decision to terminate.

61.     Ms. McLaughlin breached her duty to AWPRx to clearly and accurately report that she knew of the non-renewal to avoid there being any claim by informedRx/NMHC that AWPRx was in breach of its obligations and agreement to her employer.

62.     AWPRx has been damaged in that Ms. McLaughlin's former employer, informedRx/NMHC, has brought suit against AWPRx seeking damages based solely upon the fact that AWPRx never provided any notice to informedRx/NMHC that it would be terminating its contract.

63.     AWPRx is now exposed to a claim for damages (albeit incorrectly calculated) of $1.6 million dollars plus interest, and plus attorney's fees and costs for its alleged failure to provide notice to informedRx/NMHC of its termination of the agreement.

64.     AWPRx is also incurring its own attorney's fees and costs in the defense of its action against informedRx/NMHC which are also damages properly chargeable against the third party defendant.

65.     AWPRx asserts that Melissa McLaughlin is responsible for any damages arising out of the lawsuit brought by her former employer, informedRx/NMHC, against AWPRx as her negligence toward AWPRx is the cause of the lawsuit against AWPRx by informedRx/NMHC.

WHEREFORE, Third Party Plaintiff, AWPRx, demands judgment against Third Party Defendant, Melissa McLaughlin, for damages as the Third Party Defendant is liable to AWPRx for all damages asserted against it by informedRx/NMHC.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to the following: Douglas Brown, Esquire, Rumberger, Kirk & Caldwell, P.A., Lincoln Plaza, Suite 1400, 300 South Orange Avenue, Orlando, Florida 32802, dbrown@rumberger.com; Susan G. Feibus, Esquire, Ungaretti & Harris LLP, 3500 Three First National Plaza, Chicago, IL 60602, fthecht@uhlaw.com on this 14th day of December, 2011.

    __/s/ Hans Kennon_____
    HANS KENNON, ESQUIRE
    Florida Bar No. 0059323
    MORGAN & MORGAN, P.A.
    20 N. Orange Avenue, 4th Floor
    Post Office Box 4979
    Orlando, FL 32802-4979
    (407) 420-1414
    (407) 423-7928 – facsimile
    Attorneys for Defendant
    hkennon@forthepeople.com